Filed 7/22/25  P. v. Thomas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>DEONTRAY THOMAS,<br><br>    Defendant and Appellant. | F088795<br><br>(Super. Ct. No. BF182806A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  J. Eric Bradshaw, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Levy, J. and Detjen, J.

## INTRODUCTION

Appellant Deontray Thomas is currently serving a 12-year state prison sentence for possession of a firearm, possession of ammunition, and active participation in a criminal street gang, among other related offenses.  He appeals from the trial court's order denying his request for recall and resentencing under Assembly Bill No. 600 (2023−2024 Reg. Sess.) (Assembly Bill 600) and Penal Code[1] section 1172.1.  The court denied his request citing a "lack[] of jurisdiction to address the Motion/Petition."

On appeal, Thomas's appointed counsel filed a no-issue brief requesting that we exercise our discretion to independently review the record for error under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216.  Thomas was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  To date, he has not filed a supplemental brief.

We conclude that the trial court's order denying his request for recall and resentencing is not appealable and therefore dismiss the instant appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2022, the Kern County District Attorney's Office filed an amended information charging Thomas and his codefendant, Michael Leon Webber, with the following offenses:  possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1), count 1), and possession of ammunition by a felon (§ 30305, subd. (a)(1), count 2).  As to Thomas specifically, the information also charged him with possession of a firearm by a felon (§ 29800, subd. (a)(1), count 3); possession of ammunition by a felon (§ 30305, subd. (a)(1), count 4); carrying a loaded firearm while being an active participant in a criminal street gang (§ 25850, subd. (c)(3), count 5); active participation in a criminal street gang, specifically the Westside Crips (§ 186.22, subd. (a), count 6); possession of a firearm by a felon (§ 29800, subd. (a)(1), count 11), with a firearm use

---

[1]     All further undefined statutory citations are to the Penal Code.

enhancement (§ 12022.5, subd. (a)); and possession of ammunition by a felon (§ 30305, subd. (a)(1), count 12).

The information further alleged a gang enhancement (§ 186.22, subd. (b)(1)) as to counts 3 through 5, asserting that those offenses were committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members; an on-bail enhancement (§ 12022.1) as to counts 11 and 12; and, as to all counts, that Thomas had suffered prior convictions within the meaning of the "Three Strikes" law. (§§ 667, subds. (c)−(j), 1170.12, subds. (a)−(e)), and prior serious felony convictions (§ 667, subd. (a)).

On November 30, 2023, Thomas entered into a plea agreement. He pled no contest to all counts and admitted his strike convictions, subject to the trial court's consideration of his *Romero*[2] motion. Pursuant to the agreement, Thomas was to receive an aggregate term of 12 years in state prison.

On January 25, 2024, in conformity with his plea agreement, Thomas was sentenced to 12 years in state prison.

On August 27, 2024, Thomas filed a request for resentencing titled "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1." In the request, he asserted that he was entitled to be considered for resentencing based on amendments to section 667, subdivision (a)(1) (as amended by Senate Bill No. 1393 (2017−2018 Reg. Sess.) in 2019) and sections 186.22 and 1109 (as amended by Assembly Bill No. 333 (2021−2022 Reg. Sess.) in 2022). He further contended that resentencing was appropriate because he had been convicted of a nonviolent felony and did not pose a threat to public safety.

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

That same day, the trial court denied Thomas's request.  The court explained that it lacked jurisdiction to recall the sentence, reasoning that there had been "no relevant change in the law since January 25, 2024," the date of Thomas's sentencing, and that it had no authority to sua sponte recall the sentence imposed at that time.

Thomas filed a timely notice of appeal.  His request for a certificate of probable cause was denied.

DISCUSSION

## I.     Appealability

In *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*), the appellate court held that a trial court's order denying a defendant's unauthorized request for recall and resentencing under section 1172.1 is not an appealable order.  The defendant in *Hodge* filed a request, on his own motion, for resentencing following the enactment of Assembly Bill No. 600.  The court issued a written order stating that it " 'respectfully decline[d] to exercise its discretion to recall [the defendant's] sentence.' " (*Hodge*, at p. 991.)

On appeal, the trial court concluded that because section 1172.1 expressly states a defendant is not entitled to file a petition for relief and that the court is not required to respond to such a request (§ 1172.1, subd. (c)), the court's decision not to act did not affect the defendant's substantial rights.  (*Hodge*, *supra*, 107 Cal.App.5th at pp. 993, 996−997.)  The court explained that a defendant who files an unauthorized request under section 1172.1 has no right to a ruling, and therefore the court's decision not to consider or act on such a request does not deprive the defendant of any substantial right.  (*Id*. at p. 996.)

The *Hodge* court also emphasized that section 1172.1 contains no mandatory criteria for the court to apply when declining to act on its own motion.  As a result, there is nothing for a reviewing court to evaluate on appeal.  (*Hodge*, *supra*, 107 Cal.App.5th at p. 998.)  The court ultimately dismissed the appeal for lack of jurisdiction.  (*Id*. at p. 999.)

The Court of Appeal in *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*) reached a similar conclusion.  There, the trial court declined to act on a defendant's unauthorized request for resentencing under section 1172.1, explaining that it

4.

lacked jurisdiction to consider the motion. (*Faustinos*, at p. 693.) The Court of Appeal rejected the notion that the trial court's misstatement regarding its own authority rendered the order appealable. The court explained that appealability depends on the nature of the court's ruling, not on the reasoning the court gives for its decision. (*Id*. at p. 698, citing *People v. Gallardo* (2000) 77 Cal.App.4th 971, 985.) Even if the court was mistaken in its belief that it lacked authority to act on its own motion, the court held that such an error does not convert a nonappealable order into an appealable one. (*Faustinos*, at p. 698.)

Both *Hodge* and *Faustinos* concluded that section 1172.1 provides trial courts with discretion to initiate resentencing proceedings on their own motion in response to changes in sentencing law. However, because defendants have no statutory right to request or compel the exercise of that discretion, an order declining to act on an unauthorized request does not affect substantial rights and is not appealable under section 1237, subdivision (b). (*Hodge*, *supra*, 107 Cal.App.5th at p. 999; *Faustinos*, *supra*, 109 Cal.App.5th at pp. 698−699.) The proper remedy for a defendant who believes the court misunderstood the scope of its authority is to file a petition for writ of habeas corpus in the court.[3] (See *Faustinos*, at p. 699.)

The trial court here denied Thomas's petition, explaining in part that "[t]he Court lacks the jurisdiction to address the Motion/Petition" and "[t]he case is not currently before this Court." As both *Hodge* and *Faustinos* have held, where the court declines to initiate recall and resentencing proceedings on its own motion in response to an unauthorized petition, its order does not affect the defendant's substantial rights and is not appealable under section 1237, subdivision (b). (*Hodge*, *supra*, 107 Cal.App.5th at p. 999; *Faustinos*, *supra*, 109 Cal.App.5th at pp. 698−699.)

---

[3]     This court previously issued a published opinion addressing the appealability of a motion similar to the one filed by Thomas. However, after rehearing was granted, the opinion was refiled as unpublished. Accordingly, we do not cite to the case. (See Cal. Rules of Court, rule 8.1115(a).)

Accordingly, we conclude the trial court's order denying Thomas's unauthorized petition under section 1172.1 is not an appealable order. The appeal must therefore be dismissed.

## **DISPOSITION**

We dismiss the instant appeal for lack of jurisdiction.